996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Suzanne FRAHM, Plaintiff-Appellant,
v.
James STARKS, Defendant-Appellee.
 No. 93-1123.
 United States Court of Appeals, Sixth Circuit.
 June 25, 1993.
 
 Before MARTIN, SILER and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Suzanne Frahm, a Michigan resident, moves for the appointment of counsel on appeal from the summary judgment for defendant in this action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Frahm sought monetary relief in this action against a police officer, alleging that the defendant had been deliberately indifferent to her serious medical needs when responding to a call for emergency medical assistance. The district court granted the defendant's motion for summary judgment. Frahm appealed and the defendant filed a cross-appeal from the denial of a motion for Fed.R.Civ.P. 11 sanctions. The cross-appeal was subsequently voluntarily dismissed.
 
 
 3
 Upon review, it is concluded that the defendant was properly granted summary judgment, as there is no genuine issue of material fact and he is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). In order to state a claim of deliberate indifference to serious medical needs, a plaintiff must show more than mere negligence on the part of the defendant, but must demonstrate treatment tantamount to an intent to punish. See Molton v. City of Cleveland, 839 F.2d 240, 243 (6th Cir.1988), cert. denied, 489 U.S. 1068 (1989). A mistaken belief that a situation is not serious does not amount to deliberate indifference. See Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). Here the police officer may have had a mistaken belief that plaintiff did not need immediate medical attention. But this negligence did not amount to deliberate indifference.
 
 
 4
 Accordingly, the motion for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.